IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVE W. LINK, | No. C 10-01382 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION** |
| v. | |
| PILE DRIVERS UNION LOCAL 34, | |
| Defendant. | |

Plaintiff's motion for disqualification of United States District Judge Marilyn Hall Patel is currently set for hearing on June 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court DENIES plaintiff's motion.

**DISCUSSION**

Plaintiff Gustave Link filed this pro se action against his union on April 2, 2010, alleging that the union retaliated against him for criticizing union officials by terminating him from an apprenticeship program and that the union lacks adequate procedures for handling member grievances. On April 26, 2010, plaintiff filed a motion to disqualify Judge Patel, the judge presiding over his case, pursuant to 28 U.S.C. §§ 144 and 455. Judge Patel referred the motion to the Clerk of Court for reassignment pursuant to Civil Local Rule 3-15, and the motion was assigned to the undersigned judge. For the reasons set forth below, the Court hereby DENIES plaintiff's motion.

28 U.S.C. § 144 provides that a judge may be disqualified on a party's motion if the party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has

a personal bias or prejudice either against him or in favor of any adverse party." A judge must disqualify him or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned" or where he or she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

Plaintiff has set forth no legitimate grounds for disqualifying Judge Patel from presiding over his case. Plaintiff first contends that Judge Patel is prejudiced against union members in general and against him personally due to his pro se status. Plaintiff cites no evidence of bias or prejudice, however, other than the fact that Judge Patel dismissed an earlier lawsuit plaintiff brought against the union for discrimination and retaliation due to failure to exhaust. Judge Patel's prior adverse ruling is not evidence of any bias against union members in general or against plaintiff specifically, and does not provide grounds for disqualification.

Plaintiff next asserts that Judge Patel must be disqualified based on her relationship and dealings with Sandra Benson, defense counsel in this case. Plaintiff states that Judge Patel, while sitting as Chief Judge of the Northern District of California, appointed Ms. Benson to serve on the Judges' Advisory Committee. *See* Link Decl. ¶ 5. Plaintiff further states that Judge Patel "may have held" an ex parte meeting with Ms. Benson in September 2006 prior to dismissing plaintiff's prior lawsuit. *Id.* ¶ 7. Finally, plaintiff takes issue with Judge Patel's granting of defendant's administrative motion for leave to file a motion to dismiss without permitting plaintiff time to file an opposition. *Id.* ¶ 8.

Plaintiff's first two contentions are wholly unsupported. Judge Patel has stated in a sworn declaration that she did not appoint Ms. Benson to the Judges' Advisory Committee and does not know Ms. Benson personally. Patel Decl. ¶ 2. Ms. Benson states in her declaration that she was appointed to the committee by another judge, not Judge Patel. Benson Decl. ¶ 4. Even assuming that such an appointment would constitute grounds for disqualification, plaintiff's allegation that it occurred finds no factual support. Similarly, both Judge Patel and Ms. Benson have averred that no ex parte meeting ever took place in connection with plaintiff's prior lawsuit or any other case. Patel Decl. ¶ 3; Benson Decl. ¶ 6. Plaintiff's speculative assertion that such a meeting "may have" taken place is insufficient to overcome these sworn declarations. Finally, Judge Patel's granting of defendant's motion for leave to file a motion to dismiss does not constitute grounds for disqualification. Judge Patel's ruling simply

2

permitted defendant to enter a motion on the docket, and plaintiff has already made use of his opportunity to oppose the motion on its merits.

Defendant has submitted evidence of a prior attempt by plaintiff to disqualify a hearing officer on similarly meritless grounds. *See* Benson Decl. Ex. 1 (transcript of May 17, 2007 administrative hearing at which plaintiff sought to disqualify hearing officer, and refused to participate in the hearing once the motion was denied). The Court must advise plaintiff that he may not seek disqualification of a judge or an administrative officer simply because that judge or officer has previously ruled against plaintiff or against union members, or because the judge or officer has some tenuous connection to another party in the proceedings. Plaintiff may only obtain disqualification upon an adequate showing of actual bias, prejudice, or partiality. *See* 28 U.S.C. §§ 144, 455(a)-(b)(1). As plaintiff has not made an adequate showing in this case, the motion to disqualify Judge Patel must be DENIED.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the motion for disqualification is hereby DENIED. (Docket No. 14).

**IT IS SO ORDERED.**

Dated: May 28, 2010

SUSAN ILLSTON
United States District Judge

3