United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVE W. LINK,<br><br>        Plaintiff,<br><br>    v.<br><br>PILE DRIVERS UNION LOCAL 34; NORTHERN CALIFORNIA CARPENTERS REGIONAL COUNCIL TRUST FUND (ERISA); CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES - JOINT APPRENTICESHIP TRAINING COMMITTEE (JATC); STEVE TILTON; JOHN BULLOCK; and ROBERT ALVARADO,<br><br>        Defendants.<br>                                                            / | No. C 10-1382 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re:  Defendants' Motion to Dismiss** |

Plaintiff Gustave Link ("Link") filed this action against various defendants alleging that they retaliated against him because he publicly criticized union officials.  Now before the court is defendants' motion to dismiss Link's complaint.  The court finds this motion suitable for decision without oral argument.  Civil L.R. 7-1(b).  Having considered the parties' submissions, and for the reasons set forth below, the court enters the following order.

BACKGROUND

Link was a member of the Pile Drivers Union Local 34.  Docket No. 1 ("Complaint") ¶ 5. He received training as a pile driver through the Carpenters 46 Northern California Counties - Joint Apprenticeship Training Committee ("JATC"), a joint labor and management sponsored

apprenticeship training program. *Id.* As an apprentice pile driver and member of the local union, Link was employed by KFM Joint Venture ("KFM") to perform construction work on the San Francisco Bay Bridge. *Id.* While working at KFM and attending apprenticeship training classes, Link voiced complaints against union officials for ignoring unsafe working conditions. *Id.* ¶ 6. In early 2004, Link stopped attending classes at the apprenticeship school because of a work-related heart condition. *Id.* ¶ 8. On March 11, 2005, Link was informed that he would be terminated if he failed to provide proof of his medical condition. *Id.* ¶ 12. On July 22, the JATC terminated Link's apprenticeship agreement and removed him from the apprenticeship program. Link alleges that the JATC terminated him as retaliation for his complaints against union officials. *Id.* ¶ 36.

     On January 20, 2006, Link filed a complaint claiming he was entitled to relief for alleged violations of his constitutional rights, disability discrimination, violations of the Labor-Management Relations Act, violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), breach of fiduciary duty, breach of union contract, legal malpractice, violations of the California Labor Code, negligence and conspiracy by the Pile Drivers Union Local 34 and numerous associated individuals. This court dismissed Link's complaint and granted him leave to amend. *Link v. Rhodes*, No. C 06-0386, 2006 WL 1348424 (N.D. Cal. May 17, 2006) (Patel J.). On July 5, 2006 Link filed an amended complaint alleging violations of his constitutional rights, the LMRDA, the Americans with Disabilities Act ("ADA"), the Racketeering Influenced and Corrupt Organizations Act ("RICO") and the Hobbs Act. All claims in Link's amended complaint save the ADA claims alleged against institutional defendants were dismissed. *Link v. Rhodes*, No. C 06-0386, 2006 WL 3050859 (N.D. Cal. Oct. 24, 2006) (Patel, J.) (*Link I*). Link was ordered to file with this court a copy of the Equal Employment Opportunity Charge he filed with the Equal Employment Opportunity Commission in order to ensure that his ADA claims were properly pled. *Id.* at *4. Link's amended complaint was thereafter dismissed in its entirety because he failed to follow the court's order. Link appealed to the United States Court of Appeals for the Ninth Circuit, which affirmed this court. *Link v. Rhodes*, 315 Fed. Appx. 624 (9th Cir. 2009). Link then filed a petition

2

for certiorari with the United States Supreme Court, which was denied on October 28, 2009. *Link v. Rhodes*, 130 S. Ct. 117 (2009).

On April 1, 2010, Link filed the instant action against effectively the same defendants as in his 2006 complaints. *See* Complaint. Link now claims various violations of the LMRDA and the Employee Retirement Income Security Act ("ERISA").

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S. Ct. at 1950.

DISCUSSION

Defendants claim that Link's complaint is barred by res judicata because of *Link I*. Res judicata, or claim preclusion, prevents the re-litigation of a claim previously tried and decided. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992); *see Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." (citing

3

*Federated Dep't Stores v. Moite*, 452 U.S. 394, 399 n.3 (1981))).  Res judicata also "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).  Accordingly, any claim which was either brought or could have been brought in *Link I* "with respect to all or any part of the same transaction, or series of connected transactions, out of which the action arose," is bared by res judicata.  Restatement (Second) of Judgements § 24(1) (1981).

All allegations in Link's complaint arise out of the same transaction, or series of transactions, as the claims in his 2006 complaints.  There, he alleged that the union and other defendants conspired to terminate him from the apprenticeship program because of his criticism of union leadership. *Link I*, 2006 WL 3050859 at *3.  Here, Link alleges identical facts as the basis for all his causes of action.  Specifically, he alleges that his "termination from the Apprenticeship Program was motivated and instigated by individual union officials . . . in 'retaliation' to [his] criticism of union official Rhodes and others failure to protect the safety and jobs of union members working for KFM."  Complaint ¶ 36; *see id.* ¶ 48 ("individual[] union officials . . . were motivated to terminate Link from apprenticeship program in retaliation for criticism of union officials"); ¶ 54 (union officials "all conspired to terminate Link from the apprenticeship program in retaliation for criticizing union officials . . . .").  He now also alleges that this termination violated his rights under the LMRDA and ERISA. *Id.* ¶ 39 (union officials "all jointly conspired together . . ." to terminate Link's apprenticeship program ". . . because of his criticism of union officials . . ." which ". . . violated Link's rights under 29 U.S.C. sec[tions] 411(a)(2)and . . . 529."); ¶ 49 ("individual JATC and Local 34 members in their individual capacity as union officials and trustees violated the [LMRDA] by terminating Link from the apprenticeship program . . . ."); ¶ 51 ("JATC violated ERISA by terminating his membership from the apprenticeship program . . . because [he] exercised his freedom of speech under 411(a)(2)"); ¶ 53 ("the Union Local 34 . . . continues to retaliate . . ." which ". . . violates ERISA and LMRDA."); ¶ 56 (termination and resulting benefits determination breached union officials fiduciary duty and violated ERISA and the LMRDA).  Link's claims here

4

thus arise out of the same transaction, or series of transactions, as the claims in his 2006 complaints; consequently, they are all barred by res judicata.

Res judicata "provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Comm'n v. Sunnen*, 333 U.S. 591, 587 (1948) (internal quotations omitted).  In 2006, Link's LMRDA claims were dismissed because he failed "to allege that he exhausted all intraunion remedies, or that pursuing such remedies would be inadequate or futile."  *Link I*, 2006 WL 3050859 at *4.  Link now alleges that there are no intraunion grievance procedures for union members against union officials; allegations that would have cured his deficient 2006 complaints.  Link's failure to cure his LMRDA claims in 2006 constitutes "other admissible matter[s]" which might have been offered to sustain his claim. *Sunnen*, 333 U.S. at 587.  Accordingly, because all of the LMRDA claims alleged here could have been brought in 2006, those claims are barred by res judicata.

Similarly, Link's argument that his ERISA claims are not barred by res judicata because they were not raised in *Link I* also fails.  Just as with his LMRDA claims, Link's ERISA claims rely upon the alleged conspiracy to terminate Link's apprenticeship agreement because of his criticism of union officials. Complaint ¶ 51.  Link provides no reason as to why he could not have brought these claims in his 2006 action.  Accordingly, Link's ERISA claims are barred by res judicata.

Finally, Link's claim that defendants' ex parte application violates due process has no merit.  The application gave defendants leave to file a motion to dismiss, as allowed by the Federal Rules of Civil Procedure.  Link filed a lengthy opposition to the motion to dismiss; consequently, no due process violation exists.

/////

/////

/////

/////

5

1 CONCLUSION

2     For the reasons forgoing reasons defendants' motion to dismiss plaintiff's complaint is
3 GRANTED and plaintiff's complaint is DISMISSED with prejudice.

4     IT IS SO ORDERED.

5 Dated: July 29, 2010

                    MARILYN HALL PATEL
6                     United States District Court Judge
                    Northern District of California